DENNIS B. COOK, ESQ. (SBN 093432)
BARBARA A. COTTER, ESQ. (SBN 142590)
ALEXIS M. GABRIELSON, ESQ. (SBN 298738)
ZACHARY H. RANKIN, ESQ. (SBN 319980)
COOK BROWN, LLP
2407 J STREET, SECOND FLOOR
SACRAMENTO, CALIFORNIA 95816
T. 916-442-3100 | F. 916-442-4227
Email: dcook@cookbrown.com
        bcotter@cookbrown.com
        agabrielson@cookbrown.com
        zrankin@cookbrown.com

Attorneys for Defendant FLATIRON DRAGADOS USA, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| JOE MONTOYA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FLATIRON DRAGADOS USA, INC., a Delaware Corporation, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.<br><br>**NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION**<br>**(Diversity of Citizenship)**<br><br>Action Filed:  March 28, 2025 |

- 1 -
**NOTICE OF REMOVAL OF ACTION**

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant FLATIRON DRAGADOS USA, INC. ("Defendant") hereby removes the above-entitled state court action, bearing Case No. 30-2025-01471132-CU-WT-NJC, from the Superior Court of the State of California, County of Orange (the "State Action").

## I.    JURISDICTION

1.    This case is hereby removed from state court to federal court because at the time the Complaint was filed, and at the present time, complete diversity of citizenship exists between the parties to this action and, as of the March 28, 2025, filing of the Complaint, the alleged amount in controversy exceeds $75,000. Accordingly, this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1).

2.    As set forth below, this action meets all of Section 1332's requirements for removal, and is timely and properly removed by virtue of this Notice.

## II.    VENUE

3.    The Superior Court of the State of California in and for the County of Orange is located within the Southern Division of the Central District of California. Accordingly, this action is properly removed to this Court. 28 U.S.C. § 84(c)(3).

## III.    PLEADINGS AND PROCESS

4.    Plaintiff, Joe Montoya ("Plaintiff"), filed the Complaint in the State Action, alleging various violations of California wage and hour law, as well as violations of California's Fair Employment and Housing Act ("FEHA") and Unfair Competition Law (Bus. & Prof. Code § 17200, *et seq.*) against Defendant. The State Action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(a) based upon diversity jurisdiction. The State Action is appropriate for removal to this Court, as it is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, as explained below.

- 2 -
**NOTICE OF REMOVAL OF ACTION**

5.      On April 1, 2025, Plaintiff served the registered agent for Defendant a copy of the Complaint along with the Summons, Civil Case Cover Sheet, Alternative Dispute Resolution Information Package, and Notice of Case Management Conference. True and correct copies of the below Exhibits A through E are attached to the Declaration of Zachary Rankin Regarding Removal ("Rankin Decl."):

**Exhibit A**:     Complaint
**Exhibit B**:     Summons
**Exhibit C**:     Civil Case Cover Sheet
**Exhibit D**:     Alternative Dispute Resolution Information Packet
**Exhibit E**:     Notice of Case Management Conference

6.      Pursuant to 28 U.S.C. Section 1446(a), the attached Exhibits A-E constitute all process, pleadings and orders served upon Defendant or received in this action by Defendant.

7.      Defendants "Does 1 through 20" have been sued under fictitious names, and thus their citizenship is disregarded for purposes of diversity pursuant to 28 U.S.C. § 1441(b)(1).

8.      As required in 28 U.S.C. § 1446(d), Defendant will provide written notice of the filing of this Notice of Removal to Plaintiff's attorney of record and will promptly file a copy of this Notice of Removal with the Superior Court of the State of California in and for the County of Orange.

9.      If any question arises as to the propriety of the removal of this action, Defendant respectfully requests the opportunity to present a brief, evidence, and oral argument in support of its position that this case is removable.

## IV.      TIMELINESS OF REMOVAL

10.      Plaintiff filed the Complaint on March 28, 2025, and served it upon Defendant on April 1, 2025.   This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b) because it is filed within 30 days of the date on which Defendant was served.

**NOTICE OF REMOVAL OF ACTION**

## V.   DIVERSITY EXISTS BETWEEN THE PARTIES TO THE ACTION

## A.   PLAINTIFF IS A CITIZEN OF CALIFORNIA

11.   For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). The term "domicile" refers to the state where a person intends to reside and continue to reside. *Ibid.* Plaintiff's Complaint alleges Plaintiff resided in Anaheim, California, at all times relevant to this case. See Rankin Decl.; Exhibit A, ¶ 1.  Accordingly, on information and belief, Plaintiff was a California citizen at the time Plaintiff filed the Complaint, and is a California citizen as of the time of filing this Notice.

## B.   DEFENDANT IS A CITIZEN OF DELAWARE AND NEW YORK.

12.   "A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). "Principal place of business" refers to the corporation's nerve center, the "place where the corporation's high-level officers direct, control and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010).

13.   Here, it is undisputed that Defendant is incorporated in Delaware. Declaration of Monica Aldridge Regarding Removal (See "Aldridge Decl."), ¶ 2, Ex. A.   Indeed, Plaintiff alleges in his Complaint that "Defendant FLATIRON DRAGADOS USA, INC. ('Defendant') is Delaware Corporation…". Rankin Decl.; Exhibit A, ¶ 2. Defendant's highest-level officers are likewise located outside of California. Defendant's highest-level officers are located in New York and Colorado, and Defendant's activities are controlled and coordinated from New York and Colorado. Aldridge Decl., ¶ 2. Defendant's principal place of business, at the time this Action was filed, and now, is in the State of New York. *Id.* Defendant is therefore a citizen of Delaware and New York.

- 4 -
**NOTICE OF REMOVAL OF ACTION**

14.     In light of the foregoing, there exists complete diversity between the parties in this case, as Plaintiff is a citizen of California and Defendant is a citizen of Delaware and New York.

## VI.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

## A.     STANDARD FOR DETERMINING THE AMOUNT IN CONTROVERSY.

15.     As of the filing of Complaint, the amount in controversy in this matter exceeds the sum of seventy-five thousand dollars ($75,000), exclusive of interest and costs, as required by Section 1332(a). For purposes of determining whether this threshold amount has been met, "…the amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." *Chavez v. JPMorgan Chase & Co.* ("*Chavez*") 888 F.3d 413, 418 (9th Cir. 2018). "The amount in controversy may include 'damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes.' [citation omitted.]" *Id.* at 416. Where, as here, it is unclear from the face of the complaint whether the amount in controversy exceeds $75,000, the removing defendant need only establish by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold. *Id.*; *see also Dart Cherokee Basin Operating Co., LLC v. Owens* 574 U.S. 81, 89 (2014) ("…[A]s specified in §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.")

16.     While Plaintiff's Complaint expressly seeks a few specific statutory and/or civil penalties, it does not pray for a specific total dollar amount. See Rankin Decl., Ex. A. The Complaint alleges the following fourteen causes of action: (1) Failure to Pay Minimum Wages; (2) Failure To Provide Rest Periods; (3) Failure to Provide Meal periods; (4) Willful Failure To Pay Wages; (5) Failure To Provide Itemized Wage Statements; (6) Violations of Business and Professions Code; (7) Discrimination in Violation of FEHA.; (8) Failure to Engage in a Good Faith Interactive Process in Violation of FEHA; (9) Failure to Provide Reasonable Accommodations in Violation

**NOTICE OF REMOVAL OF ACTION**

of FEHA; (10) Retaliation in Violation of FEHA; (11) Failure to Prevent Discrimination and Retaliation in Violation of FEHA; (12) Violation of Whistleblower Protection Pursuant to Labor Code § 1102.5; (13) Retaliation and Discrimination in Violation of Labor Code § 6310; and (14) Wrongful Termination in Violation of Public Policy. FEHA does not limit damages and therefore, all forms of relief available to litigants (including wage loss and general damages) are available. *Commodore Home Systems, Inc. v Superior Court*, 32 Cal.3d 211, 221 (1982).[1]

## B.   AS PLED, PLAINTIFF'S WIDE ARRAY OF DAMAGES SATISFY THE AMOUNT IN CONTROVERSY REQUIREMENT.

17.    The damages sought by Plaintiff in this case are substantial. Plaintiff seeks unpaid wages and related civil and statutory penalties through his five wage and hour causes of action. Additionally, Plaintiff seeks lost wages, incidental damages, emotional distress damages, and punitive damages through his FEHA claims. Plaintiff also seeks recovery of his attorneys' fees under both the Labor Code and FEHA.

18.    As an initial observation, Plaintiff's Complaint expressly states that at least **$28,640** are in controversy ($14,640 in waiting time penalties + $4,000 in wage statement penalties + $10,000 civil penalty under Labor Code § 1102.5.) *See* Rankin Decl., Ex. A, ¶¶ 38, 42, 113. Nonethless, even setting this figure aside, Plaintiff's lost wages alone satisfy the $75,000 threshold required for removal of this case.

   i.    Plaintiff's FEHA Claims Alone Satisfy the Minimum Amount in Controversy Required for Removal.

19.    **Lost Wages (Economic Damages)**. Plaintiff alleges that he, "…suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment…". See e.g. Rankin Decl.,

---

[1] Defendant denies all the material allegations in the Complaint, denies that Plaintiff was injured in any way, and denies that Plaintiff is entitled to any damages, including interest, attorney's fees, and costs. The amounts within this Removal are submitted for purposes of calculating the amount in controversy only and are not an admission of any liability or Plaintiff's entitlement to any damages, whatsoever.

**NOTICE OF REMOVAL OF ACTION**

Ex. A, ¶¶ 53, 64, 75. "Under FEHA, an employee . . . may be compensated for a future loss of earnings." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416-417 (9th Cir. 2018), citing *Wysinger v. Automobile Club of Southern California* 157 Cal.App.4th 413 (2007).

> If a plaintiff claims at the time of removal that her termination caused her to lose future wages, and if the law entitles her to recoup those future wages if she prevails, then there is no question that future wages are "at stake" in the litigation, whatever the likelihood that she will actually recover them. In such a situation, although the plaintiff's employer would have paid the wages in the future had she remained employed, they are presently in controversy. Indeed, courts generally assume as much without discussion.

*Chavez*, 888 F.3d at 417; *see also Andrews v. E.I. Du Pont De Nemours & Co.*, 447 F.3d 510, 515 (7th Cir. 2006) (taking into account plaintiff's "lost wages (past and future)"); *Nelson v. Keefer*, 451 F.2d 289, 294 n.10 (3d Cir. 1971) (the amount in controversy includes "wages and earnings, past and future"). Back pay damages include loss of wages through the time of trial. *Horsford v. Board of Trustees of California State University*, 132 Cal. App. 4th 359, 388 (2005); *Teutscher v. Woodson* 835 F.3d 936, 946 (9th Cir. 2016). Courts in the Ninth Circuit have determined that, where a trial date is not yet set, courts in employment cases have found that a year from the date of removal is a conservative estimate for calculating lost wages. *Reese v. Daikin Comfort Techs. Distrib., Inc.* 729 F. Supp. 3d 980, 987 (C.D. Cal. 2024); *see, e.g.*, *Mendoza v. QVC Inc.,* No. 520CV01595, 2021 U.S. Dist. LEXIS 30518, at *4-8 (C.D. Cal. Feb. 18, 2021); *Reyes v. Staples Office Superstore, LLC,* No. 19-CV-07086, 2019 U.S. Dist. LEXIS 150735, at *7-8 (C.D. Cal. Sept. 3, 2019) (*citing Fisher v. HNTB Corp.,* No. 2:18-CV-08173, 2018 U.S. Dist. LEXIS 205323, at *11-12 (C.D. Cal. Dec. 3, 2018)).

20. Here, Plaintiff alleges that he earned $61.00 per hour and worked approximately forty (40) hours per week. Rankin Decl., Ex. A, ¶ 11. Plaintiff further alleges that his employment ended on January 31, 2025. *Id.* at ¶ 22. Assuming these allegations as true, Plaintiff's lost wages under FEHA total *at least* **$161,040.00**

**NOTICE OF REMOVAL OF ACTION**

between his termination and trial (estimated to begin May 2, 2026) (66 weeks between January 31, 2025, and May 2, 2026, x 40 hours per week x $61.00 per hour = $161,040.00). To the extent Plaintiff contests this figure on the grounds that Plaintiff has mitigated or will mitigate his back pay damages, this position is irrelevant in determining the amount in controversy for removal purposes: "mitigation of damages is an affirmative defense, and a potential defense does not reduce the amount in controversy for purposes of establishing federal jurisdiction." *Walters v. Dollar Tree Distrib.*, No. 2:21-cv-02299-JAM-JDP, 2022 U.S. Dist. LEXIS 83410, at *6 (E.D. Cal. May 6, 2022) (quoting *Jackson v. Compass Grp. USA, Inc.*, No. CV194678PSGGJSX, 2019 U.S. Dist. LEXIS 129001, *10-11 (C.D. Cal. July 31, 2019) (citing *Perez v. Alta-Dena Certified Dairy, LLC*, 647 Fed. App'x. 682, 684 (9th Cir. 2016))).

21.   **Emotional Distress Damages.** Plaintiff also alleges that, as a result of Defendant's conduct, "…Plaintiff suffered general damages, as he was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction". *See e.g.,* Rankin Decl., Ex. A, ¶¶ 54, 65, 76. A prevailing plaintiff in a FEHA action may recover compensatory damages, including emotional distress damages. *Rivera v. NIBCO, Inc.*, 384 F.3d 822, 832 n. 15 (9th Cir. 2004). Emotional distress damages are properly considered when calculating the amount in controversy for purposes of removal jurisdiction. *Garcia v. Marriott Int'l, Inc.*, No. EDCV 24-800-KK-SHKx, 2024 U.S. Dist. LEXIS 112719, at *8 (C.D. Cal. June 26, 2024) (quoting *Sasso v. Noble Utah Long Beach, LLC,* No. CV 14-9154-AB-AJWx, 2015 U.S. Dist. LEXIS 25921, at *6 (C.D. Cal. Mar. 3, 2015)). "[E]motional distress damages may be considered when calculating the amount in controversy even where not clearly pled in the complaint." *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002). To establish the amount of emotional distress in controversy, "a defendant may introduce evidence of jury verdicts in other cases." *Sasso*, 2015 U.S. Dist. LEXIS 25921, at *6.

**NOTICE OF REMOVAL OF ACTION**

22.     District courts in California recognize that "emotional distress damages in a successful employment discrimination case may be substantial." *Simmons*, 209 F. Supp. 2d at 1034. In *Kroske v. US Bank Corp.*, (9th Cir. 2005) 432 F.3d 976, the Ninth Circuit held that the trial court properly estimated $25,000 for emotional distress damages for purposes of satisfying the amount in controversy requirement where the plaintiff's wage loss was $55,000. *Id*. at 980.

23.     Accordingly, based on the Complaint's allegations (which are harmonious with the estimation deemed appropriate in *Kroske*), Defendant conservatively estimates that the minimum value of Plaintiff's emotional distress damages, if he were to prevail, would be at least **$25,000** for purposes of calculating the reasonable amount in controversy in this action. *See also Cuevas v. Lowes Home Ctrs.* ("*Cuevas*")*, LLC*, No. CV 20-2755 PSG (KSx), 2020 U.S. Dist. LEXIS 206629, *13-14 (C.D. Cal. Aug. 5, 2020) (finding $29,150.00 in controversy in emotional distress damages where defendant failed to provide plaintiff breaks to take her medications at work, plaintiff complained about her working conditions and defendant allegedly terminated her as a result; finding matter similar to another case [*Navarro v. DHL Glob. Forwarding*, No. 2:15-cv-05510-CAS (Ex), 2017 U.S. Dist. LEXIS 32663 (C.D. Cal. Mar. 6, 2017)] where a jury awarded $765,000 for pain and suffering after employee was terminated for taking a short break to maintain his blood sugar level, concluding that based on this sample jury verdict provided by defendant, "emotional distress damages may be substantial") (citing *Plata v. Target Corp.*, No. CV 16-5496 PSG (MRWx), 2016 U.S. Dist. LEXIS 147728, at *7-9 (C.D. Cal. Oct. 25, 2016) (including $25,000 for emotional distress damages in action involving plaintiff's wrongful termination and employer's lack of accommodation for disability)); *Mutti v. Rite Aid Corp*., No. CV-14-01593-MWF(Ex), 2014 U.S. Dist. LEXIS 199663, at *12-13 (C.D. Cal. Apr. 22, 2014) (in determining amount in controversy due to emotional distress damages, analyzing *Betson v. Rite Aid Corp., et al.,* Case No. BC427992 (Cal. Super. Ct. May 27, 2011), where the jury awarded the plaintiff $500,000 in emotional distress damages

- 9 -
**NOTICE OF REMOVAL OF ACTION**

for a disability harassment claim where supervisor told plaintiff she was faking her injury, finding that, "[i]t is thus clear that, on employment claims, damages for emotional distress alone can exceed $75,000").

24. In cases involving disability discrimination, Courts have also estimated non-economic emotional distress damages based upon a 1:1 ratio with economic damages, and based on comparisons to verdicts in factually similar cases. *See e.g. Cuevas,* 2020 U.S. Dist. LEXIS 206629, at *14; *Jackson v. Compass Grp. USA, Inc.*, No. CV 19-4678 PSG (GJSx), 2019 U.S. Dist. LEXIS 129001, at *12-15 (C.D. Cal. July 31, 2019); *Garfias v. Team Indus. Servs.*, No. LA CV17-04282 JAK (AGRx) 2017 U.S. Dist. LEXIS 167370, at *11-12 (C.D. Cal. Oct. 10, 2017). Applying this 1:1 standard, the estimated amount in controversy for Plaintiff's emotional distress claims would be **$161,040**.

25. Finally, even setting aside the above estimations, it is worth noting that Plaintiff's Complaint suggests an amount in controversy in excess of $35,000. As repeatedly stated in the Complaint, Plaintiff alleges that Plaintiff suffered emotional distress damages in an amount that exceeds the "court's minimal jurisdiction." Therefore, by Plaintiff's admission, the amount in controversy for purposes of his emotional distress damages is, at a minimum, **$35,000.01**. (See Code Civ. Proc. § 85.)

26. **Punitive Damages.** Plaintiff also seeks an award of punitive damages throughout his Complaint. *See e.g.,* Rankin Decl., Ex. A, ¶¶ 56, 67, 78, 90. The Court must consider Plaintiff's request for punitive damages in determining the amount in controversy. *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages may be included in computing the amount in controversy for purposes of removal). Comparator cases need not be "perfectly analogous." *Zamudio v. Aerotek, Inc.*, No. 1:21-cv-01673-JLT-BAK (SKO), 2022 U.S. Dist. LEXIS 27564, at *11 (E.D. Cal. Feb. 14, 2022). Courts have affirmed jury verdicts exceeding $1 million in punitive damages in alleged disability discrimination cases like the present matter. *See*, *e.g.*, *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 719-

**NOTICE OF REMOVAL OF ACTION**

20 (2009) (holding that a punitive damage award of $1.9 million equal to the compensatory damage award was appropriate in FEHA disability discrimination and harassment case involving an alleged wrongful discharge). Further, much like emotional distress damages, courts have applied a 1:1 ratio of punitive to compensatory damages for purposes of estimating the amount in controversy. *See e.g.*, *Johnson v. Wal-Mart Assocs.*, No. CV 22-7425-MWF (MRWx), 2023 U.S. Dist. LEXIS 55913, at *21 (C.D.Cal. Mar. 30, 2023); *Troncoso v. McLane/suneast, Inc.,* No. 1:24-cv-00568-KES-SAB, 2024 U.S. Dist. LEXIS 153858, at *17 (E.D. Cal. Aug. 27, 2024).

27.    Here, Plaintiff's compensatory damage as of the time of removal—and by extension his punitive damages—are at least $186,040 ($161,040 in lost wages + $25,000 in emotional distress damages). Therefore, applying a 1:1 ratio, Plaintiff's claimed punitive damages are at least **$186,040.**

28.    **Statutory Attorneys' Fees.** Plaintiff's Complaint also seeks recovery of his attorney's fees.  Rankin Decl. Ex. A, Prayer for Relief ¶ 2. Claims for attorney's fees that are awarded under a fee shifting statute are properly considered in calculating the amount in controversy. *See Chavez*, 888 F.3d at 416 (citing *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648-49 (9th Cir. 2016)). Attorneys' fees in similar FEHA matters exceeded $75,000. *See, e.g.*, *Wysinger,* 157 Cal. App. 4th at 430-32 (affirming $980,000 attorneys' fees award in case alleging FEHA discrimination/ wrongful termination claims).

29.    For purposes of calculating attorneys' fees attributable to the amount in controversy, California district courts use the lodestar method (multiplying the number of hours expended by plaintiff's counsel's hourly rate), and Plaintiff's counsel will spend <u>at least</u> 100 hours litigating this action through trial. Courts in this circuit have found an estimate of 100 hours for purposes of determining the amount in controversy to be reasonable. *See*, *e.g.*, *Swans v. Fieldworks, LLC*, No. 2:22-cv-07250-SPG-MRW, 2023 U.S. Dist. LEXIS 8121, at *5 (C.D. Cal. Jan. 17, 2023); *Garcia v. Commonwealth Fin. Network*, No. 20-cv-1483-BAS-LL, 2020 U.S. Dist. LEXIS 220533, at *20-21

**NOTICE OF REMOVAL OF ACTION**

(S.D. Cal. Nov. 24, 2020); *Adkins v. J.B. Hunt Transp., Inc.*, 293 F. Supp. 3d 1140, 1148 (E.D. Cal. 2018). Even assuming a conservative rate of $300 per hour, Plaintiff's counsel would incur at least **$30,000** in attorney's fees in addition to the figures described above which already far exceed $75,000.

30. Indeed, there is a significant likelihood that Plaintiff's attorneys' fees alone satisfy the minimum amount in controversy based upon awards in other disability discrimination cases. *See e.g., Begazo v. Passages Silver Strand, LLC*, No. BC 595150, 2017 Cal. Super. LEXIS 8559, *3-4 (Los Angeles Cnty. Super. Ct. May 17, 2017) (court awarded $375,568 in attorneys' fees to Plaintiff after prevailing on claims for retaliation on the basis of disability and wrongful termination, applying hourly rates between $275 and $700); *Matkovich v. Costco Wholesale Corp.*, No. LA CV 15-2057 JCG, 2017 U.S. Dist. LEXIS 221810, at *22-24 (C.D. Cal. Aug. 24, 2017) (awarding attorneys' fees of $328,142.50 in alleged disability discrimination, failure to accommodate, and wrongful termination c ase using rates between $350 and $750).

24. Based upon the allegations contained in Plaintiff's Complaint, even setting aside Plaintiff's claims for unpaid wages and meal and rest break violations, Defendant is informed and believes the amount in controversy in this case is within the jurisdictional authority of this Court, in the estimated sum of at least **$430,720** ($161,040 lost wages + $25,000 emotional distress damages + $186,040 punitive damages + $30,000 attorneys' fees + $14,640 waiting time penalties + $4,000 wage statement penalties + $10,000 Labor Code § 1102.5 civil penalty = $430,720). As diversity of citizenship exists between the Plaintiff and Defendant and the amount in controversy between the parties is more than $75,000, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

## VII.  CONCLUSION

25. For the above reasons, this Court has original jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332(a)(1). Accordingly, this action is properly removed to

**NOTICE OF REMOVAL OF ACTION**

this Court pursuant to 28 U.S.C. § 1441(a). Defendant therefore respectfully requests that these proceedings be removed to this Court.

DATED:  April 29, 2025                          COOK BROWN, LLP

                                               DENNIS B. COOK, ESQ.
                                               BARBARA A. COTTER, ESQ.
                                               ALEXIS M. GABRIELSON, ESQ.
                                               ZACHARY H. RANKIN, ESQ.


                                               By:   /s/ Alexis M. Gabrielson
                                                   Attorneys for Defendant
                                                   FLATIRON DRAGADOS USA, INC.

**NOTICE OF REMOVAL OF ACTION**

**PROOF OF SERVICE**

I, Linda Johnston, declare:

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is Cook Brown, LLP, 2407 J Street, Second Floor, Sacramento, California 95816.  On April 30, 2025, I served the within documents described as: **NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION (Diversity of Citizenship)**

☒    **BY U.S. MAIL**: by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Sacramento, California addressed as set forth below.

Edgar Manukyan, Esq.
MANUKYAN LAW FIRM, APC
505 N. Brand Blvd., Suite 810
Glendale, CA 91203
T. (818) 559-4444 | F. (888) 746-4420
Email:  edgar@manukyanlawfirm.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid.

☒    *(Federal)*I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on April 30, 2025, at Sacramento, California.

      */s/ Linda Johnston*
LINDA JOHNSTON

---

- 14 -
**NOTICE OF REMOVAL OF ACTION**